# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CRIMINAL ACTION NO. 5:99-CR-00071-KDB

|                               |   |          |
|-------------------------------|---|----------|
| UNITED STATES OF AMERICA,     | ) |          |
|                               | ) |          |
| v.                            | ) | **ORDER** |
|                               | ) |          |
| RUSSELL OWEN MCINTOSH,        | ) |          |
|                               | ) |          |
| Defendant.                    | ) |          |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion for a Reduced Sentence under 18 U.S.C. § 3582 and the Sentencing Guidelines Amendment 782 (Doc. No. 353). For the reasons discussed below, the Court will grant the motion.

## I. BACKGROUND

From 1997 until 1999, Russell Owen McIntosh, as part of a drug trafficking organization, distributed powder and crack cocaine in Iredell, North Carolina. McIntosh was a leader in the organization and directed the activities of at least three others involved in the conspiracy. During his drug trafficking, McIntosh possessed several firearms, including a double-barreled shotgun, a pump-action shotgun, three pistols, and a revolver.

Also, at the time of his involvement, McIntosh had already been previously convicted of other drug offenses and during this time he was convicted of two counts of accessory after the fact to two first-degree murders. For his participation in those violent crimes, he was sentenced to 24 years and 10 months in prison, and he served that sentence until he was paroled in May 2019.

In November 1999, a federal grand jury indicted McIntosh and charged him with conspiracy to possess with intent to distribute at least 50 grams of crack cocaine and 500 grams of

1

powder cocaine, in violation of 21 U.S.C. § 846; and conspiracy to possess firearms in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(o). A jury found McIntosh guilty on both counts.

The United States Probation Office found that at least 1.5 kilograms of crack cocaine were reasonably foreseeable to McIntosh, generating a base offense level of 38. The probation office added two-offense levels because McIntosh possessed a dangerous weapon and three offense levels because McIntosh was a manager or supervisor of the drug-trafficking organization. Consequently, based on a total offense level of 43 and a criminal-history category of VI, the Sentencing Guidelines called for a sentence of life in prison. McIntosh also faced a statutory range up to 20 years in prison for the section 924(o) firearm offense.

At sentencing, the United States presented evidence of drug quantity and evidence that McIntosh obstructed justice, that his co-defendant threatened to kill the Assistant United States Attorney who prosecuted the case against McIntosh and his co-defendant, and that the same co-defendant had committed at least one murder related to the drug-trafficking conspiracy. The United States also presented evidence that at least 434 grams of crack cocaine were reasonably foreseeable to McIntosh. Arguing that McIntosh "ruined" a neighborhood in Statesville, maintained a stash of guns, and made dangerous threats, the United States asked the Court to sentence McIntosh at the high end of the guideline range.

The sentencing Court found that between 150 and 500 grams of crack cocaine were reasonably foreseeable to McIntosh, reducing McIntosh's base offense level to 34. The Court further found that McIntosh obstructed justice, warranting a two-offense-level increase, and that he was a manager or supervisor of criminal activity, adding three offense levels, for a total offense level of 39. Combined with a criminal-history category of VI, this offense level resulted in a

Sentencing Guidelines range of between 360 months and life in prison. This Court sentenced McIntosh to life in prison for the drug trafficking offense and to a concurrent term of 240 months in prison for the section 924(o) firearm offense, the statutory maximum.

McIntosh now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines, applicable to crack cocaine offenses. Section 3582(c)(2) of Title 18 provides that for a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon motion of the defendant or upon its own motion, the court may reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent they are applicable" and if such a reduction reflects the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

## II. DISCUSSION

Under 18 U.S.C. § 3582(c), a Court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentence "reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if 'an amendment listed in [U.S.S.G. § 1B1.10(d)] does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Nickens*, 668 F. App'x 20, 21 (4th Cir. 2016) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). According to the Sentencing Guidelines, the "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before

consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A).

Under Amendment 782, which became effective on November 1, 2014, the U.S. Sentencing Commission reduced by two levels the base offense level for certain drug offenses covered by § 2D1.1 of the Advisory Guidelines. *See* U.S. Sentencing Commission, Guidelines Manual 2016, Supplement to Appendix C, Amendment 782. Amendment 782 encompasses offenses involving cocaine base.

The parties agree that McIntosh is eligible for a sentence reduction under Amendment 782. (*See* Doc. No. 353, 357). Further, the United States agrees with McIntosh that under the amended drug-trafficking guideline, Sentencing Guidelines § 2D1.1, his adjusted total offense level is 35 and, based on that offense level and a criminal history category of VI, his amended applicable Guidelines range for his drug-trafficking offense is 292 to 365 months in prison. *Id*.

That said, the parties disagree as to the appropriate reduction. McIntosh argues that the Court should impose a low-end sentence of 292 months. (*See* Doc. No. 353). McIntosh points to the fact that he has not had a single disciplinary infraction while incarcerated in federal custody and he has completed 8 educational and work programs. *See United States v. Martin*, 916 F.3d 389 (4th Cir. 2019) (holding that a court must examine and address the defendant's post-sentencing rehabilitation). The United States in contrast believes that a high-end sentence of 365 months is the appropriate reduction because of McIntosh's extraordinary criminal history and the nature and circumstances of his offense. (*See* Doc. No. 357).

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that a reduced sentence of 360 months is warranted. First, McIntosh's offense conduct and criminal history counsels a high-end guideline sentence. The sentencing Court imposed a sentence at the high end

4

of the guideline range, life imprisonment, rather than a sentence near the low end of the guidelines, 360 months. This demonstrates the sentencing Court's opinion of the seriousness of the offense and McIntosh's criminal history and characteristics. This Court agrees with that assessment. McIntosh participated in, and was a leader of, a drug trafficking organization that sold crack cocaine. McIntosh has been convicted of other drug offenses and was convicted of two counts of accessory after the fact to two first-degree murders. Further, while McIntosh deserves some credit for his good behavior while in federal custody, that record is brief, McIntosh having been released from state custody and into federal custody only in 2019. (Doc. No. 357). In sum, the Court finds that a sentence of 360 months, rather than the high-end range of 365 months, is sufficient but not greater than necessary to accomplish the goals of sentencing.

### III. ORDER

**IT IS THEREFORE ORDERED** that McIntosh's Motion for a Reduced Sentence under 18 U.S.C. § 3582 and the Sentencing Guidelines Amendment 782 (Doc. No. 353), is **GRANTED.** The Court **HEREBY ORDERS** that McIntosh' term of imprisonment and commitment to custodial authorities is reduced to **360 MONTHS** on Count One, to run concurrent to the term of imprisonment on Count Two.[1] All other terms and conditions of McIntosh's sentence remain in full force and effect.

**SO ORDERED.**

Signed: May 18, 2022

Kenneth D. Bell
United States District Judge

---

[1] The sentences here are to run concurrently with the related federal sentence in *United States v. McIntosh*, Case 5:99-cr-08.